8

FEAR WADDELL, P.C.
Peter L. Fear, No. 207238
pfear@fearlaw.com
Gabriel J. Waddell, No. 256289
gwaddell@fearlaw.com
Peter A. Sauer, No. 255957
psauer@fearlaw.com
7650 North Palm Avenue, Suite 101
Fresno, California 93711
(559) 436-6575
(559) 436-6580 (fax)

Attorney for DAKOTA NOTE, LLC,
  Secured Creditor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>COMPASS POINTE OFF CAMPUS PARTNERSHIP B, LLC,<br><br>                 Debtor | Case No. 22−10778−A−11<br><br>Chapter 11<br><br>D.C. No. FW-1<br><br>Date:   August 10, 2022<br>Time:  9:30 AM<br>Place:  Dept. A, Ctrm. 11, 5th Floor<br>          United States Courthouse<br>          2500 Tulare St., Fresno, California<br>Judge: Hon. Jennifer E. Niemann |

**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362 FILED BY DAKOTA NOTE, LLC**

Secured Creditor DAKOTA NOTE, LLC (hereinafter "Movant" or "Creditor") hereby moves this Court pursuant to 11 U.S.C. § 362(d) for relief from the automatic stay so that Movant may exercise its state law remedies to foreclose on property of the bankruptcy estate. This Motion is based on the Notice of Motion and the Declarations of Arick Amspacker and Paul

Greenfield filed herewith, and on the contents of Debtor's Schedules and Statement of Affairs and the following points and authorities:

1.      The court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2.      The sole asset of the estate is Debtor's interest in that certain real property commonly known as 3700 Horizons Avenue, #16, Merced, California (the "Property"), consisting of two (2) parcels of land, totaling 10.43 acres. Debtor acknowledges that it is a Single-Asset Real Estate entity, as defined in 11 U.S.C. 101(51B). (See Second Amended Voluntary Petition at Doc. No. 8).

3.      Pursuant to that certain Note dated August 6, 2019 (the "Promissory Note"), in the original amount of $3,200,000, Debtor is indebted to Creditor. (A true and correct copy of the Promissory Note is included herewith as Exhibit "A.") The loan is secured by a first-priority lien against the Property pursuant to the Deed of Trust and Assignment of Rents (the "Deed of Trust"), recorded on August 15, 2019, as document number 2019024981 in the Official Records of the County of Merced, California. (A true and correct copy of the Deed of Trust is included as Exhibit "B.") The loan matured on September 1, 2020. Additionally, the interest reserve for this loan was exhausted in March 2020, and Debtor never made a single payment required by the Promissory Note.

4.      As a result of the foregoing default, 5 Palms, LLC ("Foreclosure Trustee") was substituted as trustee under the Deed of Trust, and Foreclosure Trustee then commenced a nonjudicial foreclosure (the "Nonjudicial Foreclosure") of the Deed of Trust, and caused to be recorded on July 8, 2021, a Notice of Default and Election to Sell Under Deed of Trust, as Instrument No. 2021030169, in said Official Records. (See Exhibit "C" hereto.)

5.      In recognition of continuing efforts by Debtor's principal, David Sowels, and assertions that promising opportunities for a refinance were imminent, the filing of the Notice of Sale – ripe after 90 days, or October 7, 2021 – was postponed by the Creditor.

6.      After several loan prospects waned, Creditor instructed Foreclosure Trustee to record, and Foreclosure Trustee caused to be recorded a Notice of Trustee's Sale on January 27, 2022, as Instrument No. 2022004400, in said Official Records. (See Exhibit "D" hereto.) Pursuant to the Notice, a trustee sale was set for February 23, 2022.

7.      Debtor and Creditor entered into two (2) separate forbearance agreements during the pendency of the Trustee Sale notice period, each on the eve of a scheduled Trustee Sale, and each extending the date for a brief period of time. The forbearance agreements were dated February 22 and March 26, 2022, respectively. (See Declaration of Paul Greenfield, Exhibits "E" and "F").

8.      In each case, Debtor was unable to attract the necessary capital from lenders and equity partners to consummate a refinance of the Property. (Greenfield Decl.)

9.      As of April 15, 2022, the total amount owing to Creditor from Debtor, including the total unpaid principal balance, all accrued unpaid interest, late charges, foreclosure fees, and related costs and attorneys' fees and related costs incurred by Creditor in connection with the foregoing default was not less than $5,009,392.42.  (Amspacker Decl.) Debtor has not made any payments to Creditor since that date and the total amount owing continues to grow. (Amspacker Decl.)

10.     The Dakota Note lien is the only lien on the Property. As of the date this bankruptcy case was filed, Debtor owed no less than $5,072,243.26 to Creditor.

Motion for Relief from Automatic Stay (etc.) - 3

11.     In October 2021, its present value was estimated at not more than $6,280,000. (See Exhibit "G").

12.     The Property is vacant land, whose entitlements are at risk of expiring, which would reduce its value by at least 30%. (Greenfield Decl.)

13.     There is cause to terminate the automatic stay. Bankruptcy Code Section 362(d)(1) authorizes the Court to modify or terminate the automatic stay for "cause," including lack of adequate protection. Adequate protection may take many forms, including an equity cushion, or making post-petition adequate protection payments.

14.     Debtor's obligation to Creditor has fully matured and is immediately due and payable. Debtor is making no efforts to repay the secured claim. In fact, despite numerous promises to refinance the property, all efforts to refinance the existing liens presented to Debtor require Creditor's consent to subordinate substantial amounts of its debt to new, senior lenders at onerous rates and terms. (Greenfield Decl.)

15.     Nor is Creditor's interest in the Property adequately protected. Debtor stated in its schedules that the Property is worth $7,000,000.00, and filed a Brokers Price Opinion stating that the Property was worth $6,592,000.00. (See Sched. A/B at line 55.1, Doc. No. 13, and Brokers Price Opinion at Doc. No. 34.) However, the only recent appraisal on the Property showed a value of $6,280,000.00, assuming that certain entitlements are maintained. (See Exhibit "G.")

16.     After accounting for 7% costs of sale ($439,600) – assuming Debtor had a prospective buyer at full value - Creditor is left with an equity cushion of no more than $300,253.94, or approximately 5%, which equity cushion is decreasing each month as interest accrues. The equity cushion is insufficient. Debtor is not making adequate protection payments,

and it appears that it is not possible for Debtor to make adequate protection payments of approximately $50,000 per month.

17.     Furthermore, Debtor has not maintained the property in a sufficient manner to ensure that valuable entitlements to the property are not lost. These entitlements provide substantial value for the property, and if lost, would cause a diminution in value by approximately 30%. Consequently, at a minimum, adequate protection would require that Debtor immediately take the necessary actions to lock in the entitlements (including reimbursing Creditor for advances made to lock in such entitlements), in addition to making the interest-only payments required by Section (d)(3). If Debtor does not immediately take these actions, Creditor is not adequately protected and should be granted relief from the automatic stay.

18.     The Court should also grant relief pursuant to § 362(d)(3), because Debtor will not be able to propose a confirmable plan and Debtor is unable to pay interest to Creditor at the nondefault rate of interest.

19.     Debtor concedes that this is a Single Asset Real Estate case. (See Doc. No. 8, Amended Voluntary Petition.) The order for relief was entered in this case on May 8, 2022. Consequently, the 90-day deadline to take the actions required by Sec. 362(d)(3) will expire on August 6, 2022.

20.     Debtor cannot propose a feasible plan of reorganization. Debtor has conceded that Debtor must sell the real property at issue in this case and has hired a real estate agent to market and sell the property. Consequently, this will be a liquidating Chapter 11 case. Furthermore, Debtor has only scheduled one creditor, Movant, and Movant will not vote in favor of a plan of reorganization.

21.     The "nondefault contract rate of interest" in the Promissory Note is twelve percent (12%) per annum, and the amount owing on the Promissory Note as of July 1, 2022 was $5,540,146.06. Debtor stated in its schedules that the Property is worth $7,000,000.00, and filed a Brokers Price Opinion stating that the Property was worth $6,592,000.00. (See Sched. A/B at line 55.1, Doc. No. 13, and Brokers Price Opinion at Doc. No. 34.) Creditor believes that the "value of the creditor's interest in the real estate" at the time of filing was $6,280,000.00 based on a pre-petition appraisal, assuming that certain entitlements are maintained. (See Exhibit "G.") Under any of these values, the debt has a small equity cushion and is fully secured. Thus, under 362(d)(3), Debtor is required to pay monthly nondefault interest on the full amount of the debt, with the first payment being due no later than August 6, 2022.

22.     Monthly interest at the nondefault interest rate (12%) amounts to no less than $48,718.39 per month. If Debtor does not make a payment of this amount to Creditor by August 6, 2022, and monthly payments for each month thereafter, Creditor is entitled to relief pursuant to Section 362(d)(3).

23.     The Court should also grant relief pursuant to § 362(d)(2). The first prong of the test for relief from stay under § 362(d)(2) requires the Court to consider if the debtor or the estate has any equity in the property. Here, the Debtor has very little equity and would likely have no equity were it not for Creditor's efforts to preserve the value of the Property. The total amount of Creditor's claim secured by the Property is no less than $5,540,146.06 as of July 1, 2022, and is growing each month by not less than $92,335.77 per month (at the default rate of interest). The present value of the Property is no more than $6,280,000, which does not take into account the market effects of the spiraling inflation and recent significant rate hikes. Furthermore, the costs of sale of a property like this amounts to approximately seven percent (7%), which would

reduce appreciable equity by approximately $439,600. Furthermore, the value of the Property is contingent upon maintenance of the entitlements on the Property, which Debtor has not been able to do. Creditor had to recently advance $366,213.90 to protect these entitlements, and another approximately $180,000.00 will need to be advanced shortly. This does not include costs to begin construction of the project, which will also need to be paid shortly. Thus, the Debtor and the estate have no appreciable equity in the Property.

24.     As to the second prong, the Property is per se not necessary for an effective reorganization because the Debtor has no operations, no revenue, no other assets, and the secured debt is growing at no less than $92,335.77 per month. All proposed loan offers to date have required significant concessions from the Creditor or new equity of more than $4,000,000, which Debtor has not been able to find in more than one year of searching.

25.     The Debtor's lack of good faith in filing the bankruptcy petition is additional cause for relief from the automatic stay under Section 362(d)(1).

26.     The Debtor has only one asset, has no ongoing business to reorganize, scheduled no unsecured creditors, has no cash flow or sources of income to sustain a plan or make adequate protection payments, and the underlying matter is solely between Debtor and Creditor. Thus, Debtor filed this case with a lack of good faith, and this constitutes "cause" for stay relief under §362(d)(1).

27.     The Court may waive the 14-day stay of enforcement of an order granting relief from the automatic stay for cause. Fed. R. Bankr. P. 4001(a)(3). Cause exists in this case because of the significant prejudice suffered by Creditor who cannot realize on its collateral – particularly where the valuable entitlements are past due and subject to termination by the City and County of Merced. Creditor is not an institutional lender, but is a private investor whose collateral

remains at risk while the Debtor remains in possession of the Property. This case is nothing more than a delay tactic, and Creditor should be freed to promptly exercise its state-law rights.  Hence, the Court should waive the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

PRAYER FOR RELIEF

WHEREFORE, Creditor pray for entry of an order:

     A.  Granting relief from the automatic to recover possession of the Property;

     B.  Ordering that Debtor provide adequate protection to Creditor;

     C.  Waiving the 14-day stay of enforcement provided by Bankruptcy Rule 4001(a)(3); and

     D.  For such other and further relief as is appropriate in the premises.

Date:  7/13/22          FEAR WADDELL, P.C.

                       By:  /s/ Peter L. Fear
                           Peter L. Fear, Attorney for Dakota Note, LLC