DocuSign Envelope ID: 106EC1AB-6884-4482-AF64-4027686703EE
Filed 09/21/22    Case 22-10778    Doc 184

**The Knight Law Group**
Noel Knight (SBN 223821)
800 J St., Ste. #441,
Sacramento, CA 95814
Telephone: (510) 435 9210
Fax: (510) 281 6889
lawknight@theknightlawgroup.com

Attorneys for Debtor…COMPASS POINTE OFF CAMPUS PARTNERSHIP B, LLC

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In Re:<br><br>COMPASS POINTE OFF CAMPUS PARTNERSHIP B, LLC | CASE NO. 2022-10778<br><br>SUPPLEMENT TO DEBTOR'S AMENDED MOTION TO APPROVE DEBTOR-IN-POSSESSION FUNDING<br><br>DCN: NCK - 8<br><br>Dept.: A, Crtroom #11, 2500 Tulare St., Fresno<br><br>Date: September 28, 2022 @ 9:30 a.m.<br><br>Hon. Jennifer E. Niemann; cc: United States Trustee |

### SUPPLEMENT DEBTOR'S AMENDED
### MOTION TO APPROVE D.I.P FINANCING

Compass Pointe Off Compass Partnership B, LLC, the Debtor and Debtor-In-Possession in the above-captioned matter (hereinafter "**Debtor**" or "**Compass**") hereby supplements its Amended Motion to Approve D.I.P. Financing (the "**Motion**") to address certain matters raised by this Court at the initial hearing held on September 14, 2022, and respectfully represents as follows:

---
SUPPLEMENT TO AMENDED MOTION TO APPROVE DEBTOR IN POSSESSION FUNDING
Page 1 of 5

## INFORMATION REQUESTED BY LOCAL BANKRUPTCY RULE 4001-1(c)(3)

1. Under Local Bankruptcy Rule 4001-1(c)(3), the motion must recite whether the proposed post-petition financing agreement contains certain specific provisions, enumerated as "A)" through "L)". The Debtor-in-Possession Construction Loan Agreement (the "**DIP Loan Agreement**"), a copy of which is attached to the Declaration of Christopher Wren in Support of the Debtor's Amended Motion to Approve Debtor in Possession Financing (the "**Wren Decl.**"), filed concurrently herewith, as Exhibit 2, contains the following enumerated provisions (listed by subparagraph of the Local Bankruptcy Rule, with the rule in italics):

D) *Waiver of 11 U.S.C. § 506(c), unless the waiver is effective only during the period in which the debtor is authorized to use cash collateral or borrow funds.* Under Section 8.1(xxxvii) of the DIP Loan Agreement, it is an event of default if there is any surcharge under Bankruptcy Code section 506(c) or otherwise, of any Collateral[1] in any amount, or subjecting the Lender or the Collateral to the equitable principal of marshaling. The proposed order, in paragraph 19, contains a provision which any charge against the Lender or the Collateral under Section 506(c) of the Bankruptcy Code without the Lender's prior written consent.

E) *Provisions that operate to divest the debtor-in-possession of any discretion in the formulation of a plan or administration of the estate or limit access to the court to seek any relief under other applicable provision of law.* Section 8.1(xliii) of the DIP Loan Agreement makes it an event of default if any chapter 11 plan is confirmed that does not provide for repayment in full in cash on the effective date of such plan of all outstanding Obligations. Section 8.1(xliv) and (xliv) of the DIP Loan Agreement makes it an event of default if the case is converted to Chapter 7 of the Bankruptcy Code or dismissed/closed, respectively.

---

[1] Any capitalized term not defined herein shall have the definition set forth in the DIP Loan Agreement.

In addition, paragraph 18 of the proposed order contains provisions waiving the Debtor's right seek conversion of the case, obtain other financing without the Lender's consent, to challenge payments authorized by the order pursuant to Bankruptcy Code section 506(b) or to propose a plan that does not provide for payment in full of the amounts owed under the DIP Loan Agreement. Paragraph 20 of the Proposed Order limits the ability of the Debtor to seek to sell the Collateral (other than to Aspen Real Estate Financial LLC ("**Aspen**") pursuant to that Agreement for Purchase and Sale of Real Property and Joint Escrow Instructions, entered into between Aspen and the Debtor (the "**Aspen Purchase Agreement**").

H) *Automatic relief from the automatic stay upon default, conversion to chapter 7, or appointment of a trustee.* Paragraph 17 of the proposed order grants relief from stay to the Lender to, among other things, implement the DIP Loan, perfect its liens, and exercise its remedies.

K) *Waivers, effective on default or expiration, of the debtor's right to move for a court order pursuant to 11 U.S.C. §363(c)(2)(B) authorizing the use of cash collateral in the absence of the secured party's consent.* Paragraph 18 of the proposed order waives the debtor's right to use cash collateral of the Lender under section 363 of the Bankruptcy Code.

## FUNDING OF THE CONSTRUCTION

2.  As stated in the DIP Loan Agreement, part of the funds loaned to the Debtor shall be used to pay off the claim of Dakota Note, LLC ("**Dakota**"), the Debtor's pre-petition mortgagee, in the full amount of its allowed claim. The remainder of the funds shall be used to fund construction in accordance with certain milestones contained in the DIP Loan Agreement.

3. Attached to the Wren Decl. as Exhibit 3 is a table containing the milestones in connection with the construction project (the "**Milestone Table**"), which will also be included as exhibit G to the DIP Loan Agreement.

4. The Milestone Table lists the dates by which various construction tasks are to be completed. A copy of the budget (the "**Budget**") governing the construction costs is attached to the Wren Decl. as Exhibit 4. When read together, the Milestone Table and the Budget make clear that the funding under the DIP Loan will be sufficient to fund fully the construction through completion of Phase I prior to the purchase of Phase I by Aspen, which, under the Aspen Purchase Agreement, has agreed to purchase a completed Phase I for $21,000,000 on June 30, 2023 (subject to certain modifications as provided therein).

5. After satisfying the allowed claim of Dakota, the remaining balance of the DIP Loan will be approximately $18,375,000. The Budget reflects that completion of Phase I will cost $16,762,850.00, which will be fully funded by the DIP Loan. The Budget also reflects that Phase II will cost $5,799,614.00 to complete. This brings the total development cost for completing the Project to $22,542,307.23. With the remaining funds under the DIP Loan and the funds from Aspen to purchase Phase I, there are more than enough funds to complete construction of Phase II.

WHEREFORE, given the foregoing, the Debtor submits that grounds exist to grant the relief hereby requested under Bankruptcy Rules 4001, 6003, and 6004.

Executed at Sacramento, California on September 21, 2022.

The Knight Law Group,

Noel Knight, Esq.
The Knight Law Group

Attorneys for Debtor

Approved by:

s/s David C. Sowels

By *David Sowels*
Manager David Sowels on behalf of the Debtor

DATED: September 21, 2022

**EXHIBIT PACKAGE AS ATTACHED**

###